UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOUGLAS JONES, JR., 226447,

        Plaintiff,

                                                                CASE NO. 2:10-CV-10701
v.                                                  HONORABLE DENISE PAGE HOOD

C. DEFOREST,

        Defendant.
                                         /

## OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

**I.    Introduction**

        John Douglas Jones, Jr. ("Plaintiff"), a Michigan prisoner confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that Classification Director C. DeForest "wickedly and maliciously" included false information in a "Refusal Work/School Assignment Memorandum" which caused him to suffer seven days of toplock, 30 days room restriction and title of unemployable status prisoner, no indigent status, and loss of 30 days of good time/discipline credits. He seeks monetary damages. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court also concludes that an appeal cannot be taken in good faith.

**II.    Discussion**

        Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before

1

service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff alleges that the defendant placed false information in his prison file which resulted in administrative segregation, loss of privileges, and loss of good time credits. Although a prisoner does not have a right to a particular security classification or prison, *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), a prisoner has some right to have incorrect information expunged from his prison file. *See Pruett v. Levi*, 622 F.2d 256, 258 (6th Cir. 1980) (recognizing constitutional right to expunge false information from file that results in deprivation of liberty). To state such a claim, a prisoner must allege that: (1) specific information in his criminal or disciplinary record is false; (2) there is a probability that the information will be relied upon in a constitutionally significant manner, and (3) he requested that the information be expunged and

2

prison officials refused. *Id.* (citing *Paine v. Baker*, 595 F.2d 197, 201-03 (4th Cir. 1979)); *see also Owens v. Birkett*, 2002 WL 337527 (E.D. Mich. Feb. 22, 2002).

Plaintiff fails to satisfy two of the three requirements. First, he fails to allege with any specificity what information in his prison file is actually false. His conclusory reference to a memorandum and bare allegation of falsity is insufficient. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Second, he fails to allege that he requested that any perceived false information be expunged and that prison officials refused his request. Consequently, Plaintiff has failed to state a claim upon which relief may be granted under § 1983.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. The Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 26, 2010

I hereby certify that a copy of the foregoing document was served upon John D. Jones, Jr., Reg. No. 226447, G. Robert Cotton Facility, 3500 N. Elm Rd., Jackson, MI 49201 on February 26, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager